UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

**PHL VARIABLE INSURANCE COMPANY,**

      **Plaintiff,**

vs.

**THE MARVIN KORMAN IRREVOCABLE
TRUST, by and through its trustee of record,
JORDAN AUGENSICHT,**

      **Defendant.**

---

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S
ORIGINAL COMPLAINT**

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against The Marvin Korman Irrevocable Trust by and through its trustee, Jordan Augensicht, as follows:

**I.
PARTIES**

1. PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in Florida. Phoenix is organized under the laws of Connecticut and its principal place of business is located in Hartford, Connecticut. Phoenix's headquarters are located at One American Row, Hartford, Connecticut 06102-5056. Phoenix's high level officers direct, control and coordinate the corporation's activities from Hartford, Connecticut. As such, Phoenix is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, The Marvin Korman Irrevocable Trust (the "Trust" or "Defendant"), is a trust organized under the laws of Florida, with its situs located at 7857 Travelers Tree Dr., Boca Raton, Florida 33433. The Trust may be served through its Trustee, Jordan Augensicht, ("Trustee") at his primary residence, 22608 Meridiana Dr., Boca Raton, Florida 33433. Upon information and belief, Trustee Augensicht is the Trust's sole trustee and is a citizen of Florida. As such, the Trust is a citizen of the State of Florida within the meaning and intent of 28 U.S.C. § 1332.

## II.
## JURISDICTION AND VENUE

3. This court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and the Trust are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

4. Phoenix is a corporation organized under the laws of Connecticut and has its principal place of business in Connecticut. As such, for diversity purposes, Phoenix is a citizen of the State of Connecticut.

5. Upon information and belief, the Trust is organized under the laws of Florida and the sole Trustee is a citizen of Florida. As such, for diversity purposes, the Trust is a citizen of the State of Florida.

6. As Phoenix and the Trust are citizens of different states, a diversity of citizenship exists.

7. As set forth more fully below, this case involves an adjudication of the rights and obligations under a policy of life insurance with a face value far in excess of $75,000.

8. The Trust is subject to the personal jurisdiction of this Court as the Trustee is a citizen of Florida and the Trust was established under Florida law.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 2**

9. This Court has jurisdiction over this declaratory judgment action pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

10. Venue is proper for this action pursuant to 28 U.S.C. § 1391 because the Trustee is located in Palm Beach County and the insurance policy at issue is governed by Florida law. In addition, all or a portion of the events giving rise to the cause asserted herein occurred in the State of Florida.

### III.
### FACTUAL BACKGROUND

11. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of Florida.

12. On or about November 28, 2007, the Trust, by and through its Trustee, applied in writing (the "Application") to Phoenix seeking the issuance of an insurance policy insuring the life of Marvin Korman ("Korman"). *See* Application for Life Insurance, attached hereto as Exhibit "A."

13. The Application contained numerous questions relating to topics such as Korman's background, health and medical history, finances, insurance coverage, and the purpose for the insurance sought. In completing the Application and during the underwriting process, Korman and the Trust made various representations to Phoenix concerning these topics, which were relied upon by Phoenix in determining whether Korman was insurable and qualified for the insurance sought through the Application.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 3**

14. The Application also contained an "Authorization to Obtain Information" ("Authorization"). Under this provision in the Application, Korman and the Trust authorized the release of certain information to Phoenix, including but not limited to, information relating to Korman's health, alcohol use, drug use, mental health care, occupation, participation in hazardous activities, motor vehicle records, foreign travel, finances, and other insurance coverage in force. The Authorization stated that this information would be used to determine Korman's eligibility for benefits under any policies issued. The Authorization stated that it was valid for thirty months from the date it was signed unless otherwise required by law. *See* Exhibit "A." The Authorization expired May 28, 2010.

15. Korman also executed an Authorization to Release Medical Information in conjunction with the Application ("HIPAA Form"). This authorization consented to the complete disclosure of Korman's medical records for the previous ten years to Phoenix. The HIPAA Form also stated that the purpose of disclosing this information was so that Phoenix may, among other things, administer claims and determine or fulfill responsibility for coverage and provision of benefits, administer coverage, and conduct other legally permissible activities that relate to any coverage with Phoenix. Korman signed the HIPAA Form on November 5, 2007. *See* HIPAA Form, attached hereto as Exhibit "B." Per the terms of the HIPAA Form, the authorization expired thirty months from the signature date, or May 5, 2010.

16. The fact that Korman signed the Authorization and the HIPAA Form evidences Korman's intent to cooperate with Phoenix in obtaining whatever information and documents it needed to administer the policy, including determining responsibility for coverage and provision of benefits.

17. On the basis of the statements and representations contained on the Application and in reliance upon Korman's and the Trust's complete candor, honesty and openness in disclosing information in the response to the questions presented on the Application, Phoenix issued life insurance policy number 97525490 (the "Policy") to the Trust, with an effective date of December 5, 2007. The Policy's death benefit is $3,000,000.

18. Upon information and belief, Korman passed away on September 29, 2009, which was within the Policy's two year contestability period. The Trust did not notify Phoenix of Korman's death; however, once Phoenix learned of Korman's death, it sought to determine its responsibility for coverage and provision of benefits under the Policy.

19. The Trust, by and through its Trustee, filed a claim for the Policy's death benefits on or about December 4, 2009.

20. Pursuant to the Policy's contestability provision, Phoenix commenced a routine investigation to confirm the accuracy of the representations made during the application process. During its investigation, Phoenix sent numerous letters to the Trust requesting that it provide Phoenix with the following documents:

- the original, certified death certificate showing the cause and manner of Korman's death;

- a supplemental questionnaire completed by Korman's spouse or next-of-kin;

- authorization forms to release Korman's medical and financial information;

- IRS Form 4506-T;

- a return of the Policy; and

- documentation supporting the representations made on the Application regarding Korman's net worth and total annual income.

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 5**

Despite Phoenix's direct and repeated requests for the above described documents, the Trust has not provided Phoenix with the requested documents.

21. The purpose of Phoenix's investigation is to confirm the accuracy of the representations made by Korman and the Trust on the Application and to verify that a valid insurable interest existed at the time of the Policy's issuance. If a valid insurable interest did not exist at the time of the Policy's issuance or if material misrepresentations were made on the Application, Phoenix could seek rescission of the Policy.

22. By invoking its contractual rights to the Policy's death benefits, the Trust has assumed a duty to exercise good faith and fair dealing with regard to the death claim process, which includes a duty to cooperate with Phoenix's investigation. Although the Trust has been notified numerous times that Phoenix cannot proceed with its claim investigation without the requested documentation and information, the Trustee has yet to provide Phoenix with many of the requested documents after months of repeated requests.

23. Because Phoenix is unable to continue its death claim investigation without the above described documents, Phoenix seeks a declaration from the Court to compel the Trust to provide Phoenix with the documents it has requested.

## IV.
## DECLARATORY JUDGMENT

24. Phoenix incorporates herein each of its allegations contained in paragraphs 1–23 above.

25. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that it is entitled, prior to making a claims decision, to conduct a contestability investigation into the representations made during the application and underwriting process to confirm the accuracy of the representations made on the Application and to verify that

**PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S**
**ORIGINAL COMPLAINT– PAGE 6**

a valid insurable interest existed at the time of the Policy's issuance. Phoenix further seeks a declaration that the Trust, in invoking its rights to receive the Policy's death benefits as the contract's beneficiary, is required to cooperate with Phoenix and to provide information reasonably required by Phoenix to conduct and complete its investigation.

## V.
## CONCLUSION

WHEREFORE, PHL Variable Insurance Company demands judgment against The Marvin Korman Irrevocable Trust as follows:

(a) A declaration that Phoenix is entitled to conduct such an investigation prior to making a decision on the claim submitted to it by the Trust;

(b) A declaration that the Trust owes Phoenix a duty to cooperate with its investigation and either provide Phoenix with the information and documentation requested or accept a return of the Policy's premiums, thereby terminating the Phoenix's obligations under the Policy; and

(c) Awarding Phoenix its costs and attorneys' fees pursuant to the federal Declaratory Judgment Statute, together with any such further relief as the Court may deem just and proper to Phoenix.

Dated: June 10, 2010         PETT FURMAN, PL
                             Attorneys for Plaintiff
                             2101 N.W. Corporate Blvd., Suite 316
                             Boca Raton, FL 33431
                             (561) 994-4311
                             (561) 982-8985 fax


                             By:    s/Wendy L. Furman
                                    WENDY L. FURMAN
                                    Fla. Bar No. 0085146
                                    wfurman@pettfurman.com

                         ATTORNEYS FOR PLAINTIFF PHL
                         VARIABLE INSURANCE COMPANY

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP

Thomas F.A. Hetherington\*
Texas Bar No. 24007359
Jessica L. Wilson\*
Texas Bar No. 24055520
Phoenix Tower
3200 Southwest Freeway, Suite 2920
Houston, Texas 77027
(713) 337-5580 (Telephone)
(713) 337-8850 (Facsimile)
E-mail: tom.hetherington@emhllp.com
E-mail: jessica.wilson@emhllp.com
\*pro hac vice applications to be filed